UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 25-cv-24429-BLOOM

TRE JACKSON,

    Plaintiff,

v.

DOCTOR L. CHACON and
NURSE CANAL,

    Defendants.
_____/

## ORDER DISMISSING COMPLAINT WITHOUT PREJUDICE

**THIS CAUSE** is before the Court on *pro se* Plaintiff Tre Jackson's Complaint under 42 U.S.C. § 1983. ECF No. [1]. Plaintiff, a state prisoner, alleges that a prison doctor and nurse were deliberately indifferent to his serious medical needs. Because Plaintiff has not paid the filing fee and has sought leave to proceed *in forma pauperis* ("IFP"), ECF No. [3], the Complaint is subject to screening under 28 U.S.C. § 1915(e). For the following reasons, the Complaint is **DISMISSED WITHOUT PREJUDICE** pursuant to § 1915(e)(2)(B)(ii) for failure to state a claim for relief.

### I.    BACKGROUND

The Court accepts the following facts as true for the purposes of screening the Complaint. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). While Plaintiff was incarcerated at the South Florida Reception Center,[1] he filed a sick call "in regards to a swollen lump under the left side of his penis

---

[1] The relevant dates of the events underlying Plaintiff's claims are unclear. In the first paragraph of the Complaint, he states that he first filed a sick call "[a]bout three and a half weeks before the date of the Complaint" regarding the "swollen lump" on his penis. ECF No. [1] at 2. But four paragraphs later, he states that the swollen lump "popped," causing a medical emergency, on October 23, 2023. *Id.* at 3. Plaintiff's Amended Complaint should clearly indicate, to the best of his recollection, the dates on which the relevant events occurred. *See generally Davis v. Coca-Cola Bottling Co. Consol.*, 516 F.3d 955, 979 (11th Cir. 2008) ("[C]omplaints [must] be drafted as clearly and definitively as possible, so that the

close to the testic[le] area. . ." ECF No. [1] at 2. Plaintiff was seen by Defendant Dr. L. Chacon, who examined Plaintiff and told him "that she was requesting an ultrasound to be performed for the lump." *Id*. "Week after week went by," however, and Plaintiff asked Dr. Chacon why he had not yet seen a specialist for the ultrasound. *Id*. at 3. Dr. Chacon told Plaintiff that the ultrasound had been rescheduled. *Id*. While waiting for the ultrasound, Plaintiff's lump "continued to get bigger and bigger." *Id*.

"On October 23, 2023[,] the lump popped[,] and a reddish, whitish, pinkish[ ] fluid started to ooze out of the lump." *Id*. Plaintiff declared a medical emergency and was seen by Defendant Nurse Canal, who looked at the lump and the fluid oozing out of it and advised Plaintiff "that nothing is wrong there," and that "Plaintiff will be okay." *Id*. Plaintiff responded that "the lump was not like how it was a couple [of] weeks ago," and he asked Nurse Canal if he could see Dr. Chacon, who first examined it. *Id*. Nurse Canal told Plaintiff that he could not see Dr. Chacon, and she reiterated that "nothing was wrong with him." *Id*. Plaintiff then asked Nurse Canal for "any type of ointment to put on the lump to prevent infection," but "Nurse Canal told Plaintiff no again and that he needs to put in [a] sick call for that." *Id*.

Plaintiff then raised his voice and demanded to see a doctor, and he was subsequently seen by Dr. Chacon. *Id*. Dr. Chacon reexamined the lump and noticed the fluid oozing out as she squeezed it. *Id*. Dr. Chacon told Plaintiff "that nothing was wrong and to clean the lump with soap and water." *Id*. Plaintiff asked Dr. Chacon to "please provide some ointment to prevent infection and something to subdue the pain." *Id*. Dr. Chacon "told Plaintiff no and that he would have to submit a sick call to receive further treatment." *Id*.

---

defendant [can] understand the cause(s) of action the plaintiff [i]s asserting and frame a responsive pleading").

Plaintiff then submitted another sick call and was seen again by Dr. Chacon. *Id*. Dr. Chacon again "told Plaintiff that she was not giving [him] any cream to prevent infection and that Plaintiff was not in pain." *Id*. Plaintiff insists, however, "that he was in pain, that it hurt when he walked[,] and if [the lump] made contact with his clothes . . . it stung him." *Id*. The lump also "throbbed and itched." *Id*. Both Nurse Canal and Dr. Chacon failed to order antibiotics to prevent Plaintiff's lump from getting infected. *Id*. at 4. As a result, Plaintiff had to borrow ointment from fellow inmates at the prison. *Id*.

Plaintiff asserts claims for deliberate indifference to serious medical needs under the Eighth Amendment against Dr. Chacon and Nurse Canal, along with supplemental state-law claims against them for medical malpractice and negligence.[2] *Id*. Plaintiff requests damages for relief. *Id*.

## II.    LEGAL STANDARD

Under 28 U.S.C. § 1915(e)(2)(B), the district court shall dismiss an action that "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." A pleading fails to state a claim for relief when it does not contain sufficient "factual matter (taken as true)" to "give the defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555–56 (2007); *see also Alba v. Montford*, 517 F.3d 1249, 1252 (11th Cir. 2008) ("The standards governing dismissals under Rule 12(b)(6) apply to § 1915(e)(2)(B)(ii)."). A complaint need not contain detailed factual allegations, but it must provide as grounds for relief something more than "labels and conclusions" and "a formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555 (citations omitted). To survive

---

[2] Because Plaintiff's Eighth Amendment claims are dismissed, the Court need not address Plaintiff's supplemental state-law claims, over which it lacks jurisdiction absent a viable federal claim. *See Royal Canin U.S.A., Inc. v. Wullschleger*, 604 U.S. 22, 26–27 (2025).

dismissal, a complaint must "state a claim for relief that is plausible on its face." *Iqbal*, 556 U.S. at 678. Courts must "construe *pro se* pleadings liberally, holding them to a less stringent standard than those drafted by attorneys." *Arrington v. Green*, 757 F. App'x 796, 797 (11th Cir. 2018) (citing *Hughes v. Lott*, 350 F.3d 1157, 1160 (11th Cir. 2003)).

### III. DISCUSSION

A plaintiff asserting a claim of deliberate indifference to serious medical needs under the Eighth Amendment must satisfy three elements. First, the plaintiff must show that "the deprivation he allegedly suffered was 'objectively, sufficiently serious,'" which requires him to establish an "objectively serious medical need." *Wade v. McDade*, 106 F.4th 1251, 1255–56 (11th Cir. 2024) (quoting *Farmer v. Brennan*, 511 U.S. 825, 834, 839 (1994)). Second, the plaintiff must demonstrate that the defendant acted with "subjective recklessness as used in the criminal law," which means that "the defendant was actually, subjectively aware that his own conduct caused a substantial risk of serious harm to the plaintiff[.]" *Id*. at 1262. But a defendant "cannot be found liable . . . if he responded reasonably to the risk." *Id*. (cleaned up). Third, "a plaintiff must establish that an officer's deliberate indifference caused his injury." *Donald v. Norris*, 131 F.4th 1255, 1265 (11th Cir. 2025). A prisoner's complaint must plausibly allege all three elements to survive screening under 28 U.S.C. § 1915(e). *Schuller v. Diaz*, No. 24-CV-23553-RKA, 2024 WL 4802720, at *2 (S.D. Fla. Nov. 15, 2024).

#### A. Serious Medical Need

Plaintiff has not plausibly alleged that he had a serious medical need. A serious medical need is "one that, if left unattended, poses a substantial risk of serious harm." *Farrow v. West*, 320 F.3d 1235, 1243 (11th Cir. 2003). Stated differently, a serious medical need "is one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person

would easily recognize the necessity for a doctor's attention." *Goebert v. Lee Cnty.*, 510 F.3d 1312, 1326 (11th Cir. 2007) (quotation omitted).

Plaintiff alleges that he had a "swollen lump" on his penis that "popped," causing a "reddish, whitish, pinkish[ ] fluid" to ooze out of it. ECF No. [1] at 3. Plaintiff alleges that the lump caused pain, it "throbbed and itched," and it "stung" when it rubbed against his clothes. *Id*. at 3–4. He claims that he asked Dr. Chacon and Nurse Canal for something to prevent infection, but they advised him "that nothing is wrong" and that he should use soap and water to treat it. *Id*.

In certain situations, severe pain or an infection, if left untreated, can constitute a serious medical need. *See Hinson v. Bias*, 927 F.3d 1103, 1122 (11th Cir. 2019) ("[D]epending on the circumstances, severe pain that is not promptly or adequately treated can present a serious medical need" (citing *McElligott v. Foley*, 182 F.3d 1248, 1255-59 (11th Cir. 1999))); *Milton v. Turner*, 445 F. App'x 159, 163 (11th Cir. 2011) ("[O]ne could reasonably infer that an infected hallux, if left untreated, would pose a substantial risk of harm, especially in a diabetic"). But here, Plaintiff does not explicitly allege that he had an infection, nor does he indicate the severity of his pain; in fact, he does not specify what medical condition he had. *See Bingham v. Thomas*, 654 F.3d 1171, 1177 (11th Cir. 2011) (inmate failed to allege a serious medical need where "[t]he allegations in the complaint . . . fail[ed] to specify his pain or medical condition"). Plaintiff alleges that he was referred for an ultrasound, but he does not indicate whether he ever received this ultrasound and, if so, what it revealed. To the extent Plaintiff suffered from discomfort, irritation, or mild pain, such symptoms, without more, do not rise to the level of a serious medical need. *See*, *e.g.*, *Chandler v. Crosby*, 379 F.3d 1278, 1295 (11th Cir. 2004) ("[A] prisoner's mere discomfort, without more, does not offend the Eighth Amendment"); *Danley v. Allen*, 540 F.3d 1298, 1311 (11th Cir. 2008) (recognizing that "only temporary discomfort" from pepper spray is usually not a serious medical

5

need); *Aviles v. Heuett*, No. 25-CV-21829-RKA, 2025 WL 1311119, at *3 (S.D. Fla. May 6, 2025) (finding that the plaintiff did not sufficiently allege a serious medical need because he "ha[d]n't pled any facts to support his view that his pain 'posed a substantial risk of serious harm if left unattended.'" (quoting *Siskos v. Sec'y, Dep't of Corr.*, 817 F. App'x 760, 764–65 (11th Cir. 2020)) (alteration adopted)). In short, Plaintiff's allegations do not show that his medical condition posed "a substantial risk of serious harm." *Farrow*, 320 F.3d at 1243. Therefore, he has not alleged a serious medical need.

### B. Deliberate Indifference

Even if Plaintiff's allegations plausibly showed a serious medical need, he has not adequately alleged that either Defendant displayed deliberate indifference to that need. Plaintiff alleges that Defendants did provide some care by physically examining him and ordering an ultrasound, and he alleges that they both told him that nothing was wrong with him. *See Waldrop v. Evans*, 871 F.2d 1030, 1035 (11th Cir. 1989) ("[W]hen a prison inmate has received medical care, courts hesitate to find an Eighth Amendment violation"); *Nimmons v. Aviles*, 409 F. App'x 295, 297 (11th Cir. 2011) (prison doctor was not deliberately indifferent to prisoner's complaints about knee pain where the doctor "responded reasonably to those complaints, including ordering an x-ray and referring [the prisoner] to an orthopedist when the knee condition worsened"). Because Plaintiff does not specify his medical condition or his level of pain—nor allege that he told either Defendant about the level of pain he was experiencing—he has not shown that either Defendant was subjectively aware of a risk of serious harm and deliberately disregarded that risk. *See Ruiz v. Rummel*, 777 F. App'x 410, 415 (11th Cir. 2019) (prisoner "did not establish that the defendants were subjectively aware of the severity of his condition or disregarded it" where he "did [not] allege that he or anyone else told [the defendants] of the severity of his numbness or any

6

of the associated symptoms"); *Williams v. Barrow*, 559 F. App'x 979, 984 (11th Cir. 2014) (prisoner had not alleged that prison doctor was deliberately indifferent where he "d[id] not allege[ ] that [the doctor] knew [the prisoner] would be subjected to a 'substantial risk of serious harm' if his request for more pain medication was not granted."). Finally, although Plaintiff alleges that his ultrasound was delayed, he does not allege that either Defendant was responsible for this delay. *See Phillips v. Robbins*, 752 F. App'x 759, 764 (11th Cir. 2018) (prisoner failed to allege that prison doctor was deliberately indifferent for delaying treatment where "[t]here [wa]s no allegation [the doctor] was responsible for this delay."). In sum, Plaintiff has failed to state a claim for deliberate indifference to serious medical needs.

## IV. LEAVE TO AMEND

A *pro se* Plaintiff must be given at least one opportunity to amend his Complaint if an amended complaint might state a claim upon which relief can be granted. *See Silberman v. Miami Dade Transit*, 927 F.3d 1123, 1132 (11th Cir. 2019). Plaintiff's Amended Complaint must comply with the Federal Rules of Civil Procedure and the Local Rules of the Southern District of Florida. *See Moon*, 863 F.2d at 837. Rule 8 of the Federal Rules of Civil Procedure provides that a pleading which states a claim for relief must contain:

> (1) a short and plain statement of the grounds for the court's jurisdiction, unless the court already has jurisdiction and the claim needs no new jurisdictional support;
>
> (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and
>
> (3) a demand for the relief sought, which may include relief in the alternative or different types of relief.

Fed. R. Civ. P. 8(a).

While Rule 8 allows a plaintiff considerable leeway in framing a complaint, the Eleventh Circuit has tightened the application of Rule 8 with respect to § 1983 cases. *GJR Invs., Inc. v. Cnty. of Escambia, Fla.*, 132 F.3d 1359, 1367 (11th Cir. 1998) ("Some factual detail in the pleadings is necessary to the adjudication of § 1983 claims."). Accordingly, a § 1983 plaintiff must allege with specificity the facts which make out his claim. *See Wilson v. Strong,* 156 F.3d 1131, 1134 (11th Cir.1998) ("[T]he contours of an asserted constitutional right 'must be sufficiently clear that a reasonable official would understand that what he is doing violates that right.'"). Factual detail in the pleadings is particularly necessary in cases involving qualified immunity, where the Court must determine whether a defendant's actions violated a clearly established right. *See GJR Invs.*, 132 F.3d at 1367.

In addition, Plaintiff must separate each cause of action against each Defendant into a different count. Pursuant to Fed. R. Civ. P. 10(b), the Amended Complaint must state its claims "in numbered paragraphs, each limited as far as practicable to a single set of circumstances." To promote clarity, "each claim founded on a separate transaction or occurrence . . . must be stated in a separate count[.]" Fed. R. Civ. P. 10(b). Plaintiff must clearly write the name of each Defendant who is a party to this action and specify which Defendant is responsible for each act or omission that forms the basis of his claims. *See Weiland v. Palm Beach Cnty. Sheriff's Off.*, 792 F.3d 1313, 1323 (11th Cir. 2015).

## V. CONCLUSION

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1. Plaintiff's Complaint, **ECF No. [1],** is **DISMISSED WITHOUT PREJUDICE**.

Case No. 25-cv-24429-BLOOM

2. On or before **November 1, 2025**, Plaintiff shall file an amended complaint, labeled **"Amended Complaint,"** that cures the deficiencies identified above. The Amended Complaint shall:

   a. Contain a short and plain statement of Plaintiff's claims against each named Defendant, a basis for federal jurisdiction, and a demand for judgment.

   b. Be either typed in 12-point font or larger and double-spaced or handwritten legibly.

   c. Be written on the § 1983 complaint form attached to this order.

3. The Amended Complaint must show **Case No. 25-cv-24429-BLOOM** so that it will be filed in this case.

4. The Clerk of Court is **DIRECTED** to mail Plaintiff a copy of the civil rights complaint form, together with this Order, at the address listed below.

5. Plaintiff's Motion for Leave to Proceed IFP, **ECF No. [3]**, is **DENIED AS MOOT**.

**DONE AND ORDERED** in Chambers at Miami, Florida, on October 1, 2025.

_____
BETH BLOOM
UNITED STATES DISTRICT JUDGE

Copies to:
Tre Jackson, *Pro Se*
K88019
Graceville Correctional Facility
Inmate Mail/Parcels
5168 Ezell Road
Graceville, FL 32440